```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

DOMINIC ROSATO,

      Plaintiff,

v.     Case No: 2:18-cv-207-FtM-29MRM

REBECCA JACKSON, Clinical Director and KERI FITZPATRICK, Certified Recreational Therapist,

      Defendants.

_____/

## OPINION AND ORDER

Before the Court are Defendant Rebecca Jackson and Keri Fitzpatrick's Motion for Summary Judgment (Doc. #16) and Plaintiff Dominic Rosato's Response (Doc. #24).

## BACKGROUND

Rosato is a civil detainee at the Florida Civil Commitment Center (FCCC), a facility that houses and treats men committed as sexually violent predators after their terms of incarceration. See Pesci v. Budz, 730 F.3d 1291, 1299 (11th Cir. 2013). As part of his treatment, Rosato was enrolled in the Building a Balanced Life (BBL) class at FCCC that ran from December 12, 2017, through February 20, 2018. (Doc. #16-1 at 1). The class "is designed to educate the residents on living as a well-balanced member of society so that when they are released from FCCC, they can

assimilate and be a productive member of society." (Id.) During 2017 and 2018, residents were allowed up to three absences from the BBL class. (Id. at 2). If a resident missed more than three sessions, he was removed from the BBL class, and he could reenroll the next time it was offered. (Id.)

On January 18, 2018, FCCC put Rosato in protective custody, and he missed his third BBL class session as a result. (Id.; Doc. #1 at 2). Fitzpatrick, the BBL instructor, removed Rosato from the class. (Doc. #16-2 at 3). On March 26, 2018, Rosato filed this case, alleging that Fitzpatrick and Jackson—FCCC's Clinical Director—violated his Eighth and Fourteenth Amendment rights by removing him from the BBL class. (Doc. #1). Rosato was automatically enrolled in the next BBL class that began on April 25, 2018, and he completed it on July 18, 2018. (Doc. #16-2). Defendants now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate only when the Court is satisfied "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine

2

issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. See Battle v. Bd. of Regents, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

Rosato alleges Defendants violated his Eighth and Fourteenth Amendment rights. Because the FCCC is not a prison and Rosato is not a prisoner, Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002), his rights arise from the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315-316 (1982). Nevertheless, a civil detainee's rights "are subject to the same scrutiny as if they had

been brought as deliberate indifference claims under the Eighth Amendment." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009). Civil detainees are entitled "to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training or 'habilitation' as reasonably may be required by these interests." Pesci, 730 F.3d at 1298 (quoting Youngberg, 457 U.S. at 314-19)). "The standard the Supreme Court adopted requires only 'that the courts make certain that professional judgment in fact was exercised,' and that in determining what minimally adequate habilitation may be reasonable, 'courts must show deference to the judgment exercised by a qualified professional.'" Id. (quoting Youngberg, 457 U.S. at 321-22).

Rosato alleges Defendants violated the Eighth Amendment by circumventing FCCC policy when removing him from the BBL class. (Doc. #1 at 4). He argues Fitzpatrick should have considered his third absence—caused by Rosato's placement in protective custody—an excused absence and not counted it against the three-absence limit. Both Defendants testify in their affidavits that the FCCC does not distinguish between excused and unexcused absences. (Doc. #16-1 at 2; Doc. #16-2 at 3). Rather, FCCC staff "determined that more than three absences . . . would result in the resident not learning the essential requirements of the [BBL] class."

4

(Doc. #16-1 at 2). The Court must give deference to the professional judgment of FCCC staff when they formulated this rule. See Pesci, 730 F.3d at 1298. Had Defendants correctly applied the policy to Rosato, the inquiry could end here. But Fitzpatrick deviated from the policy. When she removed Rosato from the class, he had reached—but not exceeded—the maximum number of allowed absences. Defendants make no attempt to explain this deviation from FCCC policy.

However, Rosato's Eighth Amendment claim fails because he has not established adequate injury. He appears to claim that removal from the BBL class kept him from progressing in his treatment, which the Court infers could delay his release. But both Fitzpatrick and Jackson testify that Rosato's care level was reduced in January 2018 because of two instances of inappropriate sexual behavior, not because he was removed from the BBL class. (Doc. #16-1 at 3; Doc. #16-2 at 4). Rosato offers no evidence that his removal from the BBL class delayed his release or caused him any other cognizable harm.

Rosato next claims Defendants violated the Equal Protection Clause of the Fourteenth Amendment. (Doc. #1 at 5). He believes Defendants removed him from the BBL class because he is gay and practices witchcraft. The Equal Protection Clause requires that states treat all similarly situated persons alike. City of

5

Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To establish an equal protection claim, Rosato must show that (1) he is similarly situated with other detainees who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001).  In their Motion, Defendants challenge Rosato's ability to present evidence that he was treated differently than other FCCC residents, and Jackson testified Rosato was not treated differently because he is gay and practices witchcraft.  (Doc. #16-2 at 4).  The burden thus shifted to Rosato, and he failed to meet it.  Rosato produced no evidence of a similarly situated detainee who was treated more favorably, nor did he produce any evidence of a discriminatory intent.  The conclusory allegations in Rosato's Complaint are not enough to survive summary judgment. See Porter, 461 F.3d at 1320.

The Court finds that Rosato has not presented evidence that demonstrates a genuine issue of material fact.  A reasonably jury could not return a verdict for Rosato on either count.  Thus, summary judgment for Defendants is warranted.

Accordingly, it is

**ORDERED:**

Defendant Rebecca Jackson and Keri Fitzpatrick's Motion for Summary Judgment (Doc. #16) is **GRANTED.**

6

1. Plaintiff' Dominic Rosato's Complaint is **DISMISSED with prejudice**.

2. The Clerk shall enter judgment, terminate all motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this ___23rd___ day of December 2020.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-1
Copies: All Parties of Record

7